

# NUMBER 13-24-00633-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL ANTHONY MUNOZ
BERNAL                                                              Appellant,

v.

THE STATE OF TEXAS,                                                 Appellee.

## ON APPEAL FROM THE 389TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Pena and West**
**Memorandum Opinion by Justice West**

Appellant Michael Anthony Munoz Bernal filed a pro se notice of appeal attempting to appeal the trial court's judgment of conviction in cause number CR-0108-24-H. Appellant contends that his trial counsel rendered ineffective assistance, and he wished to withdraw his plea "because [he] was forced to sign." The trial court's certification of the

appellant's right to appeal shows that the case was "a plea bargain case, and the Defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). In a plea bargain case, a defendant may appeal only: (1) those matters that were raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, or (3) where the specific appeal is expressly authorized by statute. *Id.*

In response to an order from this Court, appellant's trial counsel filed a letter stating that she reviewed her file of appellant's case and concluded that appellant waived his right to appeal. However, because appellant argued that he received ineffective assistance of counsel, we abated the case and instructed the trial court "to hold any necessary proceedings to ensure appellant has adequate counsel, free from conflict," and address "whether appellant has the right to appeal or not." On June 5, 2025, The trial court found that appellant "voluntarily waived his right to appeal in exchange for the State's consent to change election from jury to judge for punishment," "he is not entitled to new counsel for purposes of seeking appellate review of his case," and "no other orders are necessary to ensure the proper and timely pursuit of [a]ppellant's appeal."

The State filed a motion to dismiss the appeal and enforce the plea agreement. To address the State's motion, we ordered the court reporters to file the reporter's records of the proceedings the State relied on in its motion. Upon review of the record, appellant's appeal does not fall under any of the exceptions under Rule 25.2(a)(2). *See id.*[1] The

---

[1] Appellant also argued in his notice of appeal that his "indictment is not valid" because his indictment "uses 2 enhancement paragraphs to upgrade his charge." However, the record shows that appellant pleaded true to the second enhancement paragraph alleged in the indictment making his punishment range that of a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115; TEX. PENAL CODE § 12.42(a). The State abandoned their allegation that appellant was a habitual offender as a part of the plea bargain.

2

Court, having fully examined and considered the State's motion and the record in this cause, is of the opinion that the motion should be granted. We therefore reinstate the case and dismiss the appeal.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
4th day of December, 2025.